Michael Taraska
4125 N. 7th Street
Phoenix, Arizona 85014
(602) 400-5885
taraska@gmail.com


# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA – PHOENIX DIVISION


| | |
|---|---|
| In re: | NO.  2:19-BK-04778-PS |
| JOYCE ROBBINS, | ADV. NO. 2:19-AP-270-PS |
| Debtor. | CHAPTER 7 |
| MICHAEL TARASKA, | **PLAINTIFF MICHAEL TARASKA'S RESPONSE TO DEFENDANT/DEBTOR'S MOTION TO DISMISS** |
| Plaintiff, | |
| v. | |
| JOYCE ROBBINS, | (Oral Argument Requested) |
| Defendant. | |

Plaintiff Michael Taraska ("Plaintiff") hereby files his RESPONSE and requests that

this Court DENY Plaintiff's Motion to Dismiss ("MTD") for the following reasons:

1

## I. **PREFATORY STATEMENT**

Defendant/Debtor Joyce Robbins ("Debtor's) Motion to Dismiss is nothing more than a **delaying tactic**.

Plaintiff filed Superior Court, Case No. CV2017-006699 in Maricopa County, Arizona against Joyce Robbins for the Intentional Tort of Malicious Prosecution based on the exact same factual allegations reflected in the current Bankruptcy Code 523 Complaint at issue herein. Attached hereto as Exhibit "1" is the State Court VERIFIED AMENDED COMPLAINT. The Honorable Sherry Stephens in the State Court case issued two-minute entries – a minute entry 01/08/2018, and a minute entry 05/21/2018 attached hereto respectively as Exhibits "2" and "3".

The State Court resolved the issue of whether the Complaint stated a claim and went even further by finding that Defendant Joyce Robbins would not prevail on a Motion for Summary Judgment holding:

"Given the quantum of evidence required to establish the malicious prosecution claim in the amended complaint filed November 1, 2017, and, viewing the evidence in a light most favorable to Plaintiff, the Court finds there are genuine issues of material fact and summary judgment for Defendant is not appropriate. Accordingly, IT IS ORDERED denying the [Defendant Joyce Robbins'] Motion for Reconsideration filed March 24, 2018". See the attached Exhibit "2" 5/21/2018 minute entry at bottom of page 2.

The Court's 5/21/2018 ruling followed extensive hearings, as reflected in the list of filings and motions set forth in the attached Exhibit "2" 01/08/2018 minute entry in which the Court held that:

"Assuming the truth of the factual allegations made in the Amended Complaint, and indulging all reasonable inferences from those facts, dismissal of this claim is not

2

appropriate since the Court cannot find that, as a matter of law, Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof". See the 01/08/2018 minute entry at page 4, very last sentence.

The Superior Court's finding and rulings collaterally estop Debtor Joyce Robbins from contesting the sufficiency of the Section 523 Complaint as well as precludes the filing of any summary judgment motion in the future which, as a result of the Superior Court's ruling would be futile and contrary to the Court's Order.

Issue Preclusion [collateral estoppel] bars parties from relitigating an issue if the same issue was adjudicated in prior litigation. *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999).

As set forth above, Judge Stephens already ruled denying Defendant Joyce Robbins' Motion to Dismiss which was litigated in the Superior Court and further ordered that Plaintiff's claims would survive a summary judgment motion made by Defendant Robbins.

The orders of the Superior Court collaterally estop Defendant/Debtor Joyce Robbins from prevailing on any motion to dismiss and this Court should caution her to not file a motion for summary judgment considering the Superior Court's Order which renders such a future filing frivolous.

The bankruptcy was filed in bad faith by Defendant Robbins on April 19, 2019 to avoid going to trial in August of 2019 in the State Court matter pursuant to the Superior Court's Scheduling Order dated 3/22/2019 which set the Trial Setting Conference for May 15, 2019.

3

The cause of action for Malicious Prosecution which the Superior Court Affirmed is an intentional tort which pursuant to Section 523 of the Bankruptcy Code is non-dischargeable and is the basis of Complaint improperly challenged in light of the Superior Court's Orders as set forth in the Debtor's Motion to Dismiss. The Defendant/Debtor's counsel's statements that "Plaintiff tells a detail (sic) story about his divorce of another party and makes a broad conclusory statement in an attempt to manufacture a debt owed by the Debtor to the Plaintiff" and that "Plaintiff fails to allege specific acts taken by the Debtor that would give rise to a finding that there was a debt owed, let alone a non-dischargeable debt" are simply wrong. Torts are excepted from discharge in Bankruptcy. The policy is simple. Bankruptcy should not be used to avoid the culpability and liability for an intentional wrong perpetrated upon an individual by a Debtor. If that were allowed, intentional tortfeasors acting with malice would be rewarded for their acts by not being held responsible by simply filing for Bankruptcy relief

## II.    **LAW AND ANALYSIS**

1. Legal Standards - Rule 12(b) (6) – incorporated by Bankruptcy Rule 7012(b), 7008, and 7009

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a complaint must provide, in part, a "short and plain statement" of claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677-

4

81(2009); Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted. Rule 8(d) requires a pleading to be "concise and direct," and made up of "simple, concise and direct" allegations. Fed. R. Civ. P. 8(d).

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni* 31 F.3d 813, 813 (9th Cir. 1994) (citing *Buckey v. Los Angeles,* 957 F.2d 652, 654 (9th Cir.1992)); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).[1] "The federal *813 rules require only a `short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed.R.Civ.P. 8(a)). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Id.* at 249 (quotation marks omitted). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991) (citing *Conley,* 355 U.S. at 47, 78 S. Ct. 99; 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202 (2d ed.1990)). Indeed, though "`it may appear on the face of the pleadings that a recovery is very remote and unlikely[,]

5

... that is not the test.'" *Gilligan,* 108 F.3d at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977). In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994), *cert, denied,* 515 U.S. 1173, 115 S. Ct. 2640, 132 L. Ed. 2d 878 (1995) (citations omitted). <u>Application of Facts to Law</u>

In addition to the legal bar to a 12(b)(6 ) Motion based upon the Superior Court's Judicially Noticed Exhibit "2" and "3" minute entries attached hereto and incorporated herein, the Complaint substantively sets forth proper causes of action under Sections 523(a)(6), 727(a)(2)(A), 727(a)(3) and 727(a)(4)(A). All of the allegations set forth in the Plaintiff's Complaint were incorporated by reference in the causes of action. See paragraphs 55 and 58 of the Complaint.

All of the elements of the Intentional Tort of Malicious Prosecution: "1.) the Defendant initiated or took an active part in the prosecution of a civil proceeding against Plaintiff Michael Taraska; 2.) the action or proceeding terminated in Plaintiff Michael

6

Taraska's favor; 3.) Defendant Joyce Robbins acted without probable cause; 4.)

Defendant Joyce Robbins acted with Malice; and, 5.) Defendant Joyce Robbins'

malicious conduct was a cause of injury, damage, loss or harm to Michael Taraska" were

set forth with factual specificity at paragraphs 39 through 50 of the Adversary Complaint

and track the Revised Arizona Jury Instructions (Civil) 5th ("RAJI") Intentional Torts 19

– Malicious Prosecution.

The language of the Adversary Complaint was taken verbatim from the attached

Exhibit "1" Complaint in the Superior Court Case, CV2017-006699 in which Judge

Stephens ruled survives both Defendant's Motion to Dismiss and Summary Judgment as

set forth above. The Cause of Action for Violation of Bankruptcy Code Sections

727(a)(2)(A), 727(a)(3) and 727(a)(4)(A) is set forth with specificity at paragraph 60

which states:

"Debtor Joyce Robbins with intent to defraud – concealed monies obtained from a
settlement of a probate estate from her deceased husband in 2015; concealed monies
received within one year of filing the Petition and is continuing to receive from Arina
Taraska for acting as a child caretaker and also from Robbins' daughter Daniele Norris
for acting as a child caretaker for Robbins' grandson and from acting as a child caretaker
for numerous other children; failed to keep records of the monies received from her child
caretaking and monies received from her probate settlement; and has made a false
account in her schedules failing to reflect the monies as set forth above and other
monies".

Defendant/Debtor's counsel's statement that "the Plaintiff alleges not one single

material act by the Debtor, taken as true, would give rise to a debt let alone non-

dischargeability under 523(a)(6) or 727" is simply disingenuous.

7

Plaintiff' Complaint sets forth with particularity, specific facts in the Complaint regarding Defendant/Debtor Joyce Robbins' Intentional Tort of Malicious Prosecution in a detailed "FACTUAL BACKGROUND" of the false statements, baseless legal proceedings set forth under penalty of perjury, and intentional malicious lies regarding a scheme to steal Plaintiff's parenting of his minor son, resulting in the injury, harm and damage to undersigned.

## III.   <u>LEAVE TO AMEND</u>

In an abundance of caution, Plaintiff, in the alternative asks this Court for leave to Amend. The Ninth Circuit has instructed District Courts to grant leave to amend when dismissing a case for failure to state a claim "unless the court determines that the pleading could not possibly be cured by the allegations of other facts". <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1997). There is a "long standing rule that 'leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect" <u>Id</u>. at 1129. See also <u>Dube v. Likins</u>, 216 Ariz. 406, 415, 167 P.3d 93, 102 (App. 2007) **requiring** that before a Trial Court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defect.

If Defendant/Debtor's counsel wants more facts, reasons and/or explanations underlying the allegations incorporating the basic notice pleading requirements under the Federal Rules which overcome a 12(b)(6) Motion, notwithstanding Debtor having all of

8

the specific facts supporting Plaintiff's claims, then undersigned will nonetheless Amend the Complaint at the cost of further delay in Plaintiff moving this case forward and wasting finite judicial resources.

## IV.  **CONCLUSION**

For all the reasons set forth above, Defendant/Debtor's Motion to Dismiss should be denied. Plaintiff's Complaint is replete with specific facts constituting the Intentional Tort of Malicious Prosecution already ruled on by the Superior Court. In addition, the Complaint sets forth specific factual allegations in which Debtor filed to disclose, keep records of and concealed monies received within the last 12 months purposely not reflected in her Bankruptcy Petition.

Under the "notice pleading" standard of the Federal Rules the "short and plain" statement" of claims only need "give the defendant fair notice of what the claim is and the grounds upon which it rests" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555(2007).

Defendant/Debtor Robbins specifically knows what the claims are since she litigated and lost her challenges to them in State Court and simply re-alleged in the Bankruptcy Adversary verbatim.

Respectfully Submitted this 25ᵗᵘ day of September 2019.

_____
Michael Taraska
Plaintiff in pro se.

9

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MICHAEL TARASKA'S RESPONSE TO DEFENDANT/DEBTOR'S MOTION TO DISMISS** was served on September, 2019. Service was accomplished by the method and to the following as set forth below:

## BY FIRST CLASS MAIL

### DEBTOR'S ADVERSARY COUNSEL

Nathan A. Finch, Esq.
Catalyst Legal Group, PLLC
1820 E. Ray Road
Chandler, Az. 85225

### DEBTOR'S ATTORNEY

Dan Dodds
Dodds Law Firm
14239 W. Bell Rd., #108
Surprise, Arizona 85374

### TRUSTEE

David Birdsell
216 N. Center
Mesa, Arizona 85201

I declare under penalty of perjury that the foregoing is true and correct.

Dated September 2019.

BKCY RTMTD 9.23.19

10

Mike Taraska, in pro per
4125 N. 7th Street
Phoenix, Arizona 85015
(602) 400-5885
taraska@gmail.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

MICHAEL TARASKA, a single man,

     Plaintiff,

v.

JOYCE ROBBINS, a single woman,
and Does 1 – 5,

     Defendants.

NO.  CV2017-006699

**MICHAEL TARASKA'S VERIFIED AMENDED COMPLAINT FOR 1. ABUSE OF PROCESS; 2. MALICIOUS PROSECUTION; 3. AIDING AND ABDETTING TORTIOUS CONDUCT AGAINST JOYCE ROBBINS**

1. Plaintiff Michael Taraska ("Plaintiff"), is a single man who currently resides in Phoenix, Arizona in Maricopa County.

2. Defendant Joyce Robbins ("Defendant") is a single woman and is a resident of Phoenix, Arizona in Maricopa County.

1

Ex "1"

3. All of the acts set forth herein took place in Maricopa County in the State of Arizona.

4. Jurisdiction and venue is proper in Maricopa County, Arizona and the amount in controversy exceeds the jurisdictional limit.

## FACTUAL BACKGROUND

5. On September 27, 2016 Arina Taraska, a Russian born immigrant from Lithuania who came to the U.S. approximately six years ago who married plaintiff on 11/11/11 filed for an Order of Protection ("OOP") under penalty of perjury, in the Municipal Court for the City of Phoenix, Arizona in Case #510227 against undersigned.

6. The 12 page OOP was entirely authored and handwritten by Joyce Robbins and contained words and language that immigrant Arina Taraska did not understand as testified to by Arina Taraska. The OOP is attached hereto and incorporated fully herein by this reference as Exhibit "1".

7. The OPP contained false statements of fact known by Defendant to be false and knowingly communicated as false by Defendant to Arina Taraska to manipulate and influence her.

2

8. By way of example, the OOP completely authored by Joyce Robbins contained the false statement allegedly being testified to by Arina Taraska (when in fact it was essentially Joyce Robbins testifying) that "[Mike] denied telling Joyce that he wanted to live with strippers and that he was going to accuse me [Mother] of abusing Rocco". See the Exhibit "1" OOP at page 5, factually incorporated fully herein by this reference.

9. This statement by Defendant goes beyond "merely preparing documentation that Plaintiff's wife used to obtain an order of protection". This statement by Joyce Robbins is a false statement, known by Joyce Robbins to be a false statement, because Plaintiff never made that statement to Joyce Robbins or Arina Taraska and Joyce Robbins entirely authored the twelve page Application for OOP as testified to by Arina Taraska.

10. Joyce Robbins knew the false statement Joyce Robbins communicated to Arina Taraska would be submitted to the Court under penalty of perjury, as an Application for OOP. Basically, Defendant Joyce Robbins testified in the third person, posing as Arina Taraska.

11. The knowingly false statements made by Defendant frightened Arina Taraska into believing she would lose her parental rights regarding the Taraska's then 3 ½ year old child Rocco Taraska as a result of allegations of

child abuse and which resulted in Arina Taraska initiating the Application and obtaining the OOP at the instigation and "aid" of Defendant Robbins. The false statements made by Defendant Joyce Robbins were never made by Plaintiff and were communicated to Arina Taraska by Joyce Robbins to further Defendant's own self interest and ulterior purpose of obtaining the ability to raise and care for the Taraska's only child and was not used for the proper and regular course of the Order of Protection proceeding, i.e. - for the safety of the minor child.

12. Plaintiff contested the OOP as set forth in the attached RESPONSE TO ARINA TARASKA'S FALSE DECLARATION fully incorporated herein by this reference as Exhibit "2" which was filed with the Phoenix Municipal Court on September 29, 2016.

13. On October 6, 2016 Plaintiff appeared at the hearing set by the Municipal Court that was requested by Michael Taraska opposing the OOP. That matter was stayed during the hearing by the Municipal Court based upon Arina Taraska's counsel's strategy of informing the City Court that Arina Taraska would be filing a Petition for Dissolution of marriage rather than face the baseless allegations of the false OOP. The matter was subsequently transferred to the Superior Court of the State of Arizona upon the filing of

4

that Petition for Dissolution of Marriage on or about October 7, 2016 against her then husband and Plaintiff Michael Taraska resulting in Superior Court Case #FC2016-008369.

14. On October 24, 2017 Plaintiff filed RESPONDENT'S MOTION FOR TEMPORARY PARENTING TIME ORDER –and – MOTION TO AMEND ORDER OF PROTECTION ("Motion to Amend OOP") attached hereto and incorporated herein fully by this reference as Exhibit "3".

15. The Superior Court set the Hearing on Plaintiff's Motion to Amend OOP for November 16, 2017 (subsequently continued to November 17, 2016 as a result of Arina Taraska's divorce lawyer, Bruce Brown's unethical and false statements to the Court that he had a conflicting appearance in another Court which undersigned verified was not true).

16. On November 14, 2016 Plaintiff filed RESPONDENT'S PRETRIAL STATEMENT IN SUPPORT OF TEMPORARY ORDERS HEARING SCHEDULED FOR NOVEMBER 17, 2016 ("Pretrial Statement") attached hereto and incorporated by this reference as Exhibit "4".

17. Plaintiff's Pretrial Statement signed by Plaintiff as an in pro per set forth facts contesting the OOP on a myriad of basis reflected therein and sought relief requesting among other to "Modify Petitioner's Order of Protection

5

against Respondent to permit the exchange of the minor child, and telephonic access" and SETTING FORTH WITH PARTICULARITY THAT THE <u>ONLY</u> RELIEF SOUGHT WITH REGARD TO THE OOP AT THAT TIME AT THE <u>CONTESTED PROCEEDING</u> WAS "**to <u>only</u> amend the OOP Petitioner has against Respondent to remove the Parties minor child from the OOP, and permit the Respondent to have telephonic, internet and physical parenting time with the Parties minor child without violating other portions of the OOP**". See the Exhibit "4" Pretrial Statement at page 9, lines 3-7.

18. At the November 17, 2017 contested hearing both Petitioner and Respondent were sworn and testimony and evidence was submitted to the Court.

19. A minute entry was issued by Judge Thomason reflecting that "prior to the commencement of this <u>proceeding</u>, Petitioner Arina Taraska and Respondent Michael Taraska are sworn reflecting that the matter was a contested "proceeding".

20. On November 17, 2017 the contested OOP was continued to December 14, 2016 in order to allow the Court to receive the results of a comprehensive drug test agreed by undersigned to be immediately undertaken by Plaintiff

6

knowing that the results would be negative due to the fact that Plaintiff

doesn't use drugs and that Arina Taraska's allegation that Father was using

illegal drugs was completely false and another ruse concocted in bad faith to

block undersigned from contact with his minor child.

21. The Exhibit "5" minute entry modified the OOP ordering that "Father shall

be entitled to supervised parenting time with the minor child" [pending the

results of the drug test to be reviewed at the continued December 14, 2016

contested hearing] and that "Father shall be entitle to Skype communication

with the minor child Rocco Taraska" as well as "resolv[ing] other issues

related to the Order of Protection as stated on the record".

22. A second minute entry, attached hereto and incorporated by this reference as

Exhibit "6" was issued that same day on November 17, 2017 by Judge

Thomason reflecting that "during the proceeding the Court Amended the

Order of Protection" and "ORDERED approving and settling formal written

Amended Order of Protection signed by the Court this date and filed herein".

23. The continued hearing on the OPP took place before the Superior Court on

December 14, 2016.

24. Joyce Robbins falsely testified at the contested hearing on the OPP before

the Superior Court on December 14, 2016 whereby Michael Taraska was

7

falsely alleged to have admitted during alleged telephone calls with Joyce
Robbins five incidences of unthinkable violence allegedly perpetrated by
Michael Taraska against his beloved son Rocco Pasquale Taraska over the
course of the previous year.

25. Joyce Robbins perjured herself before Judge Thomason and authored
knowingly false allegations in the twelve page OOP which she wrote in her
own handwriting in an attempt to take for herself undersigned's parental
rights and Plaintiff's time and enjoyment with his son Rocco Pasquale
Taraska.

26. The continued contested proceeding took place on December 14, 2016. A
partial copy of the transcript constituting Judge Thomason's ruling on the
record is attached hereto and incorporated herein by this reference as Exhibit
"7".

27. The Exhibit "7" ruling reflected in the transcript includes a finding by Judge
Thomason as follows:

"Based upon the evidence that's presented, the Court will enter the following temporary orders: .
. . I'm troubled by the fact that I have a petition that doesn't say anything about domestic violence
that asks for joint legal decision making. There's nothing aspirational about that. It's very clear
what it says. I'm troubled by the fact that the incident of that is referred to by the plaintiff - - and
I've said - - I said this at the last hearing very clearly, happened in May [of 2016]. And then

8

nothing is done about it, and then plaintiff comes in and requests temporary orders and sole legal decision making and supervised parenting time because of an incident that happened in May when the child was with the father for months and months after that. **I mean that's just beyond the pale, frankly,** of a request that you [Arina] come in and you say we have an emergency and we need to restrict Dad because of something that happened in May that Mom did nothing about for the last several [almost 5] months . . . I DON'T THINK THERE'S BEEN EVIDENCE OF DOMESTIC VIOLENCE. MOM DIDN'T PLEAD DOMESTIC VIOLENCE. THERE'S BEEN NO EVIDENCE PRESENTED OF IT. . . . I'm concerned that - - that there's an allegation that - - of violence towards the child that happened in May when Mom did nothing about it for months. THAT'S OFFENSIVE, TO BE HONEST ABOUT IT; THAT'S OFFENSIVE. And - - and I read the petition that says nothing about it. <u>AND, FRANKLY, I DIDN'T THINK MS. ROBBINS TESTIMONY ABOUT MR. TARASKA MAKING THESE ADMISSIONS WAS CREDIBLE. IT JUST IS - - **IT'S INCONSISTENT WITH COMMON SENSE** THAT THAT WOULD HAPPEN.</u> Mom made allegations about drug use and alcohol abuse. Mr. Taraska took a drug test without any further notice; it was negative. So I have great doubts about the veracity of those allegations. . . . <u>I DON'T HAVE ANY EVIDENCE IN FRONT OF ME THAT WOULD SUGGEST THAT HE IS IN ANY WAY A DANGER TO HIS CHILD</u>". (emphasis added).

28. Defendant Robbins testified falsely as found by Judge Thomason to be "inconsistent with common sense" throughout the contested OOP hearing to further her ulterior motive described above.

9

29. Judge Thomason granted all of the relief requested by Plaintiff Taraska at the contested proceeding on the OOP stating in part, but most importantly, that "So the parenting time situation is unsupervised 50/50, 5-2-2-5". See the Exhibit "7" transcript at page 7, lines 16-18.

30. On January 27, 2017 undersigned file RESPONDENT MICHAEL TARASKA'S REQUEST FOR HEARING DATE TO QUASH PROTECTIVE ORDER. See the Request attached hereto and fully incorporated by this reference as Exhibit "8".

31. Judge Thomason, on March 10, 2017 Executed a CONSENT DECREE FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD. An excerpt of the relevant part of the Consent Decree is attached hereto and incorporated fully herein by this reference as Exhibit "9". The Consent Decree states that "There is an active protective order in the mater, cause number FC2016-009349. Significant acts of domestic violence have not occurred such as would interfere with Father's ability to parent the child. Mother will agree to **drop** the order of protection".

32. Arina Taraska obtained a new OOP on May 2, 2017 stating under penalty of perjury that she was "**FORCED**" to settle the lesser portion of the contested protective order regarding her as opposed to the minor child. See the

10

attached Exhibit "10" May 2, 2017 PO served on undersigned of which he had first knowledge at a hearing before Judge Thomason in Court on June 5, 2017. In the under penalty of perjury application for PO and the attachment to the issued May 2, 2017 PO Arina Taraska states that "I [she] could no longer pay the attorney fees that were incurred as the result of Michael's continuous unreasonable tactics. I was **FORCED** to agree to dismiss the OOP in order to settle the case". This evidence was admitted as part of the record at the MTD hearing when it was read into the record without objection by Defendant's counsel". This evidence furthered Plaintiff's reasonable argument that the underlying PO hearing was in fact "contested" resulting in a favorable termination in addition to the relief sought regarding the minor child on December 14, 2017 but also, in addition by the INVOLUNTARY settlement made by Arina Taraska which she was **FORCED** (as opposed to "voluntarily") to enter into as a result of alleged litigation costs.

33. As a result of the actions of Defendant Joyce Robbins, instigating, authoring and otherwise perpetuating the improper AOOP resulting in the improper OOP, Plaintiff was injured and damaged by among other, not having any

11

contact for 83 (eighty three) days with his minor son, was forced to pay for alternate housing, and incurred costs and expenses.

## COUNT 1 – ABUSE OF PROCESS

[RAJI 5th 18.1]

34. Plaintiff Michael Taraska incorporates fully herein by this reference all of the allegations set forth above.

35. Defendant Joyce Robbins willfully used against Plaintiff Michael Taraska the Application for Order of Protection Process ("AOOP").

36. Defendant Joyce Robbins used the AOOP process in a wrongful manner that was not proper in the regular course of the proceedings in that it was not brought for the protection and safety of Plaintiff's minor child.

37. Defendant Joyce Robbins used that process primarily for an improper purpose and/or ulterior motive as set forth in the incorporated facts above.

38. Defendant Joyce Robbins authored, aided and abetted, instigated and/or victimized Arina Taraska and otherwise, on information and belief, entered into a conspiracy or in the alternative, acting in her own capacity, all for her own selfish interests, to perpetrate and perpetuate the meritless legal proceedings against Plaintiff Michael Taraska beginning with the AOOP

12

and through the OOP proceedings and defendant's perjured testimony before the Superior Court.

39. Defendant Joyce Robbins' wrongful use of that process caused injury, damages, loss and harm to Plaintiff Michael Taraska.

## COUNT 2 – MALICIOUS PROSECUTION

[RAJI 5th 19]

40. Plaintiff Michael Taraska incorporates fully herein by this reference all of the allegations set forth above.

41. Defendant Joyce Robbins initiated, instigated and took part in the prosecution of the civil proceeding starting from authoring the AOOP through the hearings opposing the OOP set forth above against Plaintiff Michael Taraska.

42. The OOP proceeding terminated in favor of Plaintiff Michael Taraska first by contested evidentiary hearing regarding Plaintiff's parental rights regarding his minor child Rocco Taraska and to a lesser extent by the Consent Decree based upon the Stipulation to Quash.

13

43. Defendant Joyce Robbins acted without probable cause and in fact knowingly made false statements initiating, instigating and taking part in the AOOP and OOP proceedings.

44. Defendant Joyce Robbins acted with Malice.

45. Defendant Joyce Robbins malicious conduct was a cause of injury, damage, loss and harm to Plaintiff Taraska.

## **COUNT 3 – AIDING AND ABETTING TORTIOUS CONDUCT**

[RAJI 5th 23]

46. Plaintiff Michael Taraska incorporates fully herein by this reference all of the allegations set forth above.

47. Defendant Joyce Robbins engaged in the above conduct for which she is and/or would be liable to Plaintiff Michal Taraska.

48. Defendant Joyce Robbins was aware that Arina Taraska was going to engage in the above described conduct.

49. Defendant Joyce Robbins provided substantial assistance and/or encouragement to Arina Taraska with the intent of promoting the actionable conduct.

14

WHEREFORE, PLAINTIFF MICHAEL TARASKA PRAYS FOR RELIEF AGAINST JOYCE ROBBINS AS FOLLOWS:

ON COUNT ONE FOR ABUSE OF PROCESS – for compensatory damages for costs incurred, injury, mental anguish and intentional infliction of emotional distress resulting in physical illness plus punitive damages in the amount to be determined by the trier of fact for Defendant's willful, malicious, intentional acts;

ON COUNT TWO FOR MALICIOUS PROSECUTION – for compensatory damages for costs incurred, injury, mental anguish and intentional infliction of emotional distress resulting in physical illness plus punitive damages in the amount to be determined by the trier of fact for Defendant's willful, malicious, intentional acts;

ON COUNT THREE FOR AIDING AND ABETTING TIRTIOUS CONDUCT - for compensatory damages for costs incurred, injury, mental anguish and intentional infliction of emotional distress resulting in physical illness plus punitive damages in the amount to be determined by the trier of fact for Defendant's willful,

15

malicious, intentional acts.

Plus,

1. Interest allowed by law;

2. Costs of suit; and

3. Such other and further relief as this court may deem just and proper.


Respectfully Submitted this 1st day of November, 2017.


_____
Michael Taraska
Plaintiff in pro se.

16

I Michael Taraska have firsthand knowledge of the facts set forth above and am competent to testify thereto and if called as a witness could and would do so in a Court of law or other legal proceedings.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct and that this declaration was executed in Phoenix, Arizona.

This ___1st___ day of November, 2017, by:

_____
Michael Taraska

STATE OF ARIZONA        )
                        )  ss
COUNTY OF MARICOPA       )

The forgoing instrument was acknowledged before me this ___1st___ day of November, 2017 by michael T. Tarasua.

Notary Public: Celyna Richardson

Print Name: Celyna Richardson

My Commission Expires: 04-30-2020

17

Original filed with the Court and
A copy *hand-delivered and mailed
this ___ day of November 2017 to:

*Judge Sherry K. Stephens

Michael Schwartz
7702 East Doubletree Ranch Road, #300
Scottsdale, Arizona 85258

_____
MT VC JR 11.1.17

18

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
01/10/2018 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-006699

01/08/2018

HON. SHERRY K. STEPHENS

CLERK OF THE COURT
T. DeRaddo
Deputy

MICHAEL TARASKA

MICHAEL TARASKA
4125 N 7TH ST
PHOENIX AZ 85014

v.

JOYCE ROBBINS

MICHAEL L SCHWARTZ

D&C MATERIALS-CSC

### UNDER ADVISEMENT RULING

East Court Building - Courtroom 712

9:14 a.m. This is the time set for Oral Argument on multiple motions. Plaintiff, Michael Taraska, appears on his own behalf. Appearing on behalf of Defendant is counsel, Michael Schwartz.

A record of the proceedings is made digitally in lieu of a court reporter.

The Court has read and considered the following:

- Defendant's Motion to Dismiss, filed on November 16, 2017;
- Defendant's Motion to Strike, filed on November 16, 2017;
- Plaintiff's Response to Defendant Joyce Robbins' Motion to Strike, filed on December 6, 2017;
- Plaintiff's Response to Defendant Joyce Robbins' Motion to Dismiss, filed on December 6, 2017; and

Docket Code 005

Form V000A

Page 1



CV 2017-006699

01/08/2018

- Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, filed on December 11, 2017.
- Plaintiff's Amended Complaint, filed on November 1, 2017.

Discussion is held regarding Plaintiff Michael Taraska's Verified Amended Complaint regarding the claim of "Aiding and Abetting Tortious Conduct Against Joyce Robbins" filed on November 1, 2017.

The parties present their arguments on the motion.

For the reasons stated on the record,

IT IS ORDERED taking these matters under advisement.

10:07 a.m. Matter concludes.

**LATER:**

The Court has considered the Motion to Dismiss filed November 16, 2017, the Motion to Strike filed November 16, 2017, Plaintiff's Response to Defendant Joyce Robbins' Motion to Dismiss filed December 6, 2017, Plaintiff's Response to defendant Joyce Robbins' Motion to Strike filed December 6, 2017, the Reply to Plaintiff's Response to Defendant's Motion to Dismiss filed December 11, 2017, and the oral argument conducted on January 8, 2018.

Plaintiff's Amended/Verified Complaint alleges three claims: Abuse of Process; Malicious Prosecution; and Aiding and Abetting Tortious Conduct. All claims involve the issuance of an order of protection. Defendant, a friend of Plaintiff's wife, allegedly assisted Plaintiff's wife with preparing documentation that Plaintiff's wife used to obtain an order of protection in Phoenix Municipal Court in September 2016. Plaintiff alleges the documentation prepared by Defendant contained false information. Plaintiff further alleges Defendant Robbins made false statement about Plaintiff (he was using illegal drugs and alcohol and abusing the minor child) to further her owns self- interest and ulterior purpose of obtaining the ability to raise and care for Plaintiff's child. As a result of the issuance of the order of protection, Plaintiff had no contact with the child for 83 days and was forced to pay for alternate housing and other related expenses.

Plaintiff contested the order of protection. The contested hearing was transferred to the Maricopa County Superior Court upon the filing of a petition for dissolution of marriage in Maricopa County Superior Court in October 2017. Defendant testified at the contested hearing on the order of protection. Plaintiff's Amended Complaint alleges that Defendant provided false

Case 2:19-ap-00270-PS    Doc 9    Filed 09/25/19    Entered 09/26/19 11:38:45    Desc
Main Document    Page 30 of 37

testimony at that hearing. The order of protection was later dismissed as part of a divorce settlement agreement Plaintiff reached with his wife.

Defendant seeks dismissal of the Amended Complaint on the following grounds. First, there has not been a termination in Plaintiff's favor, an element of malicious prosecution. Second, the abuse of process claim is inadequate because Plaintiff alleged only that an order of protection was filed and Defendant provided alleged false testimony at a hearing. Third, the aiding and abetting claim fails to allege any tortious conduct for which Defendant could be liable. Defendant also requests the Court strike immaterial, impertinent and scandalous matters from the Amended Complaint, citing to Rules 8(a)(2) and 12(f), Ariz.R.Civ.P.

Dismissal is appropriate under Rule 12(b)(6), *Ariz.R.Civ.Proc.*, only if as a matter of law the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. See *Fid. Sec. Life Ins. Co. v. State Dept. of Insurance*, 191 Ariz. 222 (1998). Arizona follows a notice pleading standard. In determining if a complaint states a claim on which relief can be granted, the court must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts. Mere conclusory statements are insufficient. See *Coleman v. City of Mesa*, 230 Ariz. 352, 284 P.3d 863 (2012). Courts will not grant a motion to dismiss unless it is certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claims stated. See *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 637 P.2d 1088 (App. 1981). The question is whether enough is stated which would entitle the plaintiff to relief upon some theory to be developed at trial. The purpose of the rule is to avoid technicalities and give the other party notice of the basis of the claim and its general nature. *Guerrero v. Copper Queen Hosp.*, 112 Ariz. 104, 106, 537 P.2d 1329, 1331 (1975). In considering the motion, the court will assume the truth of all allegations contained in the complaint. *Bloxham v. Glock, Inc.*, 203 Ariz. 271, 275, 53 P.3d 196, 198 (App. 2003). Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects. *Dube v. Likins*, 216 Ariz. 406, 415, 167 P.3d 93, 102 (App. 2007).

An abuse of process claim requires Plaintiff to prove: (1) Defendant willfully used against Plaintiff a judicially sanctioned processed which Plaintiff claims defendant abused; (2) Defendant used that process in a wrongful manner that was not proper in the regular course of the proceedings; (3) Defendant used that process primarily for an improper purpose or ulterior motive; and (4) Defendant's wrongful use of that process caused injury, damage, loss, or harm to Plaintiff. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 92 P.3d 881 (App. 2004). Use of process is wrongful only if it is not reasonably justifiable in light of legitimate litigation goals and can be logically explained only by an improper purpose or ulterior motive, even if it was actually undertaken with bad intention, such as spite, ill will, or an intention to harass. Proof of abuse of process requires an act beyond the initiation of a lawsuit before an abuse of process claim can be

maintained. *Joseph v. Markovitz*, 27 Ariz. 122 (App. 1976). In this case, the Amended Complaint does not allege Defendant signed or filed the order of protection application. Defendant was not a party or attorney for a party in that proceeding. The Complaint does not allege Defendant did anything other than author 12 pages that were attached to the order of protection application submitted by Arina Taraska and testify falsely at the contested hearing. The Amended Complaint alleges Plaintiff's wife signed the application for the order of protection and the wife utilized the judicial process not Defendant. The remedy sought by filing the order of protection does not reference or directly benefit Defendant. The Amended Complaint does not allege any act beyond the initiation of the order of protection. Assuming the truth of all allegations in the Amended Complaint, the Court finds Plaintiff has failed to state a claim upon which relief can be granted as to the abuse of process claim.

Malicious prosecution requires Plaintiff to prove: (1) Defendant initiated or took active part in the prosecution of a civil proceeding against Plaintiff; (2) the action or proceeding terminated in Plaintiff's favor; (3) Defendant acted without probable cause; (4) Defendant acted with malice; and (5) Defendant's malicious conduct was a cause of injury, damage, loss or harm to Plaintiff. *Overson v. Lynch*, 83 Ariz. 158, 317 P.2d 948 (1957), Restatement of Torts § 653, 674. One who initiates or continues proceedings against another has probable cause of doing so if he correctly or reasonably believes: (1) the person whom he accuses has acted or failed to acting a particular manner; and (2) those acts or omissions constitute the civil wrong that is charged against the accused; and (3) the person is sufficiently informed as to the law and facts to justify initiating or continuing the proceedings. See Restatement (Second) of Torts § 662. Defendant contends the proceeding was not terminated in Plaintiff's favor because the matter was resolved through the negotiation of the divorce settlement agreement. A termination does not satisfy the element that a matter was terminated in favor of plaintiff if it is the result of compromise or settlement of the claim. *Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274 (1986). (Where there has been no adjudication on the merits, the existence of a favorable termination must be found in the substance rather than the form of prior events and often involves questions of fact. There is no bright line to be drawn to determine when a termination on less than adjudication of the merits is favorable. If there is a conflict as to the circumstances explaining the dismissal, the trier of fact must exercise its role in deciding the conflict.) Here, an evidentiary hearing was conducted on the order of protection and a judge modified that order of protection to benefit Plaintiff. Later, the parties resolved their dissolution case by settlement agreement. That settlement agreement provided the order of protection would be dismissed. Assuming the truth of the factual allegations made in the Amended Complaint, and indulging all reasonable inferences from those facts, dismissal of this claim is not appropriate since the Court cannot find that, as a matter of law, Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof.

CV 2017-006699

01/08/2018

Aiding and Abetting Tortious Conduct requires Plaintiff to prove: (1) a third party (Arina Taraska) engaged in conduct for which Arina Taraska would be liable to Plaintiff Taraska; (2) Defendant Robbins was aware that Arina Taraska was going to engage in such conduct; and (3) Defendant Robbins provided substantial assistance or encouragement to Arina Taraska with the intent of promoting the conduct. See Revised Arizona Jury Instruction (Civil) 6th, Intentional Tort 23. At the oral argument, Plaintiff stated the "conduct" arises from the same facts supporting the abuse of process claim. Assuming the truth of the factual allegations made in the Amended Complaint, and indulging all reasonable inferences from those facts, dismissal of this claim is not appropriate since the Court cannot find that, as a matter of law, Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof.

The Court finds as a matter of law Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof as to the abuse of process claim alleged in the Amended Complaint and thus the motion to dismiss is granted as to that claim. For the malicious prosecution claim and aiding and abetting tortious conduct claims, the motion to dismiss is denied for the reasons stated above.

With regard to Defendant's Motion to Strike filed November 16, 2017, it would take hours for the Court to review each exhibit and order it redacted. Defendant's concern is that there is offensive, immaterial, confusing, impertinent, scandalous and misleading information intended to harass and intimidate Defendant contained in the exhibits to the Amended Complaint. Accordingly, this Court will order the exhibits to the Amended Complaint sealed to avoid these materials from being used improperly. The language in the Amended Complaint will not be modified. The Court did not consider any portion of Plaintiff's papers that violated Rule 5.2(b)(1)(F), Ariz.R.Civ.P.

**IT IS ORDERED** granting in part, and denying in part, Defendant's Motion to Dismiss filed November 16, 2017 as described above.

**IT IS FURTHER ORDERED** granting, in part, the Motion to Strike as set forth above.

**IT IS FURTHER ORDERED** the Clerk of the Court shall remove from the docket and seal the exhibits attached to the Amended Complaint.

MICHAEL TARASKA
4125 N 7TH ST
PHOENIX AZ 85014

Chris DeRose, Clerk of Court
*** Electronically Filed ***
05/22/2018 8:00 AM

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2017-006699                                                          05/21/2018


HON. SHERRY K. STEPHENS

CLERK OF THE COURT
T. DeRaddo
Deputy


MICHAEL TARASKA

MICHAEL TARASKA
4125 N 7TH ST
PHOENIX AZ  85014

v.

JOYCE ROBBINS

MICHAEL L SCHWARTZ


PHILIP B WHITAKER


MINUTE ENTRY


The Court has considered the Motion for Reconsideration filed March 24, 2018 and Plaintiff's Response to Defendant Joyce Robbins' Motion for Reconsideration filed April 30, 2018.

In the motion, Defendant requests the court reconsider its ruling entered on January 8, 2018 (denying dismissal of Count 2 for Malicious Prosecution) based upon a subsequent ruling made by the family court judge on January 11, 2018 in Maricopa County Superior Court cause number FC 2016-008369.  Since a document outside the pleadings was used in support of the motion to dismiss, Defendant requests the court treat the motion as one for summary judgment under Rule 56, Ariz.R.Civ.P.  In the ruling by the family court judge, the court found Plaintiff "did not come close to proving that he was defrauded."  Further, the consent decree (which included a child support agreement) was the result of negotiation and was fair and equitable.  That court also concluded that Plaintiff has filed lawsuits irrespective of the merits and Plaintiff is not credible. Defendant argues the decision made on January 11, 2018 was not appealed and is final and is thus issue preclusion for this case, citing to *Campbell v. SZL Properties, Ltd.*, 204 Ariz. 221 (App. 2003).

Docket Code 019                          Form V000A                          Page 1



Plaintiff responds that the minute entry relates to a motion to modify child and spousal support and did not address the issue of a favorable termination of the order of protection. Thus, Plaintiff contends he did not have a full and fair opportunity to litigate the issue of a favorable termination on the merits since that issue was not before the family court judge.

Count 2 of the amended complaint filed on November 1, 2017 alleges Defendant Robbins, acting with malice, initiated, instigated and took part in the prosecution of a civil proceeding starting with authoring an order of protection which terminated in Plaintiff's favor. As a result, Plaintiff contends he suffered injury, loss, harm and damages.

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56, Ariz.R.Civ.P., *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112 (App. 2008), *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.,* 179 Ariz. 428, 432 (App. 1993) and *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 385, 132 P.3d 825, 829 (2006). Thus, a motion for summary judgment should only be granted if the acts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense. *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). The facts must be viewed in a light most favorable to the party against whom it was direct and summary judgment is inappropriate if there is any doubt as to whether an issue of material fact exists. *Lennar Corp. v. Transamerica Ins. Co.,* 227 Ariz. 238, 242 (App. 2011) and *Joseph v. Markovitz*, 27 Ariz.App. 122, 125, 551 P.2d 571, 574 (1976). A statement of facts is the only means by which a party opposing summary judgment may create a record showing the existence of those facts which establish a genuine issue of material fact or otherwise preclude summary judgment in favor of the moving party. See Rule 56, Ariz.R.Civ.P.

Given the quantum of evidence required to establish the malicious prosecution claim in the amended complaint filed November 1, 2017, and, viewing the evidence in a light most favorable to Plaintiff, the Court finds there are genuine issues of material fact and summary judgment for Defendant is not appropriate.

Accordingly,

**IT IS ORDERED** denying the Motion for Reconsideration filed March 24, 2018.

MICHAEL  TARASKA
4125 N 7TH ST
PHOENIX AZ  85014